Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert W. Gettleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 03 C 3199 | DATE | September 8, 2003 |
| CASE TITLE | Everardo Rodriguez, et al    v    Roofers Local 11 | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due ___ ___.
(3) ☐ Answer brief to motion due___ ___. Reply to answer brief due ___.
(4) ☐ Hearing
(5) ☐ Status hearing
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on ___ set for ___ at ___.
(7) ☐ Trial[set for/re-set for] on ___ at ___.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to ___ at ___.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   Memorandum opinion and order entered. Accordingly, the court dismisses the complaint, without prejudice, for failure to exhaust intra-union remedies.

(11) ▮ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| X | Notices mailed by judge's staff. | | SEP 15 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | 9 |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 03 SEP 12 AM 11:00 | date mailed notice | |
| GDS | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EVERARDO RODRIGUEZ and ANTONI CYRAN, | ) ) ) | SEP 1 5 2003 |
| Plaintiffs, | ) ) | |
| | ) | No. 03 C 3199 |
| v. | ) ) | Judge Robert W. Gettleman |
| ROOFERS LOCAL 11, | ) ) | |
| Defendant. | ) | |

### MEMORANDUM OPINION AND ORDER

Currently before the court is defendant Roofers Local 11's motion to dismiss plaintiffs' complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). For the following reasons, the court grants defendant's motion.

### I. BACKGROUND

The following facts are taken from plaintiffs' complaint, and are assumed to be true for purposes of defendant's motion to dismiss. Plaintiffs Everardo Rodriguez and Antoni Cyran have brought this action against their union, defendant Roofers Local 11 ("Local 11"). Plaintiffs claim to be representative of a class of similarly situated Local 11 members. Plaintiffs raise two claims regarding Local 11.

First, a majority of the members of Local 11 do not speak English as their primary language and have difficulty communicating in English. Rather, a majority of the members of Local 11 speak Spanish or Polish. Although Local 11 is aware of these language issues, it does not have any Spanish or Polish speaking business representatives. Nor does Local 11 provide translating services



at the monthly membership meeting or any meeting involving Local 11 members and the officers, employees, and representatives of Local 11.

Second, plaintiffs sent letters via certified mail requesting the following information from Local 11: (1) the current collective bargaining agreement; (2) names and addresses of all employers under contract with Local 11; (3) copies of the most recent LM-2 form; (4) procedures for the hiring hall or out-of-work list maintained by Local 11; (5) constitution of Local 11; (6) by-laws of Local 11; and (7) procedures for Beck objector purposes. Local 11 has failed to provide plaintiffs with this information.

On May 13, 2003, plaintiffs filed the current two-count complaint against Local 11. The complaint alleges: (1) Local 11 violated its duty of fair representation by failing to provide the requested information to plaintiffs; and (2) Local 11 is depriving plaintiffs of equal rights and privileges by failing to provide business representatives and interpreters who speak the language of the members. Plaintiffs invoke the court's federal question jurisdiction pursuant to 28 U.S.C. § 1331 as the claims arise under Section 301 of the Labor-Management Relations Act ("LMRA"), 29 U.S.C. § 185, and Section 101 of the Labor-Management Reporting and Disclosure Act ("LMRDA"), 29 U.S.C. § 411.

## II. DISCUSSION

Defendant has filed a motion to dismiss plaintiffs' complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) ("Rule 12(b)(1)") and 12(b)(6) ("Rule 12(b)(6)"). When a motion to dismiss is based on a lack of subject matter jurisdiction pursuant to Rule 12(b)(1), as well as other Rule 12(b)(6) defenses, the court should address the Rule 12(b)(1) challenge first, because dismissal under this rule renders all other motions for dismissal moot. See Freiburger v. Emery Air Charter,

2

Inc., 795 F. Supp. 253, 256 (N.D. Ill. 1992) (citing Crawford v. United States, 796 F.2d 924, 928 (7th Cir. 1986)). Thus, the court will first address defendant's motion under Rule 12(b)(1).

A. **Standard for Deciding a Rule 12(b)(1) Motion to Dismiss**

In considering a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the district court must accept the complaint's well-pleaded factual allegations as true and draw all reasonable inferences from those allegations in the plaintiff's favor. Transit Exp., Inc. v. Ettinger, 246 F.3d 1018, 1023 (7th Cir. 2001). With this standard in mind, the court assesses defendant's motion to dismiss plaintiffs' claims pursuant to Rule 12(b)(1).[1]

B. **Exhaustion of remedies**

Local 11 argues that plaintiffs' claims must be dismissed because plaintiffs failed to exhaust internal union remedies for either of plaintiffs' claims. Plaintiffs' claim for breach of the duty of fair representation is subject to an exhaustion requirement.[2] Generally, an employee is required to attempt to exhaust intra-union procedures before bringing suit against the union for breach of the

---

[1]The court notes Local 11's Rule 12(b)(1) motion merely challenges the sufficiency of the allegations of subject matter jurisdiction and does not deny the truth of the allegations. See Freiburger, 795 F. Supp. at 256-57 (discussing the two types of challenges to jurisdiction under Rule 12(b)(1)). The standard under this type of Rule 12(b)(1) challenge is similar to the standard applied to Rule 12(b)(6) motions. Id. Thus, the parties' disagreement in characterizing the claims under Rule 12(b)(1) or Rule 12(b)(6) is not a dispositive issue and the court will follow Local 11's labeling of its arguments.

[2]It is unclear whether Count I of plaintiffs' complaint states a claim under § 301 of the LMRA or a bare breach of the duty of fair representation. See Daniels v. Pipefitters' Association Local Union No. 597, 945 F.2d 906, 920 (7th Cir. 1991) (discussing the federal common law duty of fair representation and § 301 suits). However, the requirement of exhaustion of intra-union remedies applies regardless of this characterization. Stevens v. N.W. Indiana Dist. Council, United Bhd. of Carpenters, 20 F.3d 720, 730 (7th Cir. 1994) (discussing the exhaustion requirement for § 301 claims); Lewis v. Local Union No. 100 of the Laborers' Int'l Union of N. Am., AFL-CIO, 750 F.2d 1368, 1380 (7th Cir. 1984) (discussing the exhaustion requirement for claims of breach of the duty of fair representation). Thus, the court need not address this issue.

duty of fair representation. Lewis v. Local Union No. 100 of the Laborers' Int'l Union of N. Am., AFL-CIO, 750 F.2d 1368, 1380 (7th Cir. 1984). However, a court has discretion to excuse this requirement. Id. (citing Clayton v. UAW, 451 U.S. 679, 689 (1981)). In exercising this discretion, courts may examine the following factors: (1) whether union officials are so hostile to the employee that he could not hope to obtain a fair hearing on his claim; (2) whether the intra-union appeals procedure would be inadequate either to reactivate the employee's grievance or to award him the full relief he seeks; and (3) whether exhaustion of internal procedures would unreasonably delay the employee's opportunity to obtain a judicial hearing on the merits of his claim. Id. If any of these factors exist, the court may excuse the plaintiff's failure to exhaust. Id. Further, a court is not limited to these factors, but must look to the reasonableness of requiring exhaustion under the circumstances of the situation. Id. Plaintiffs bear the burden of showing that intra-union procedures are inadequate. Id. at 1381.

Plaintiffs' claim under § 101 of the LMRDA is also subject to an exhaustion requirement. Section 101(a)(4) of the LMRDA states that any union member asserting a claim under the LMRDA "may be required to exhaust reasonable hearing procedures (but not to exceed a four-month lapse of time) within such organization, before instituting legal ... proceedings ...." 29 U.S.C. § 411(a)(4). It is within the court's discretion to require a plaintiff to exhaust internal union remedies before bringing a claim under the LMRDA. Bee v. Local 719, United Auto Workers, 744 F. Supp. 835, 837 (N.D. Ill. 1990). In exercising this discretion, the court may consider: "whether the internal remedies are reasonable and fair, whether exhaustion would be futile, and whether requiring the plaintiff to pursue internal remedies would create an unreasonable delay." Id. These factors are parallel to those for exhaustion of remedies prior to filing suit under the LMRA. Garner v. Int'l Union, UAW, 800

F. Supp. 706, 715 (S.D. Ind. 1991). Thus, the court will address the exhaustion of intra-union remedies for both claims together.

Local 11 argues that plaintiffs have not alleged that they exhausted or even initiated intra-union remedies to obtain the requested documents or interpreters. In response, plaintiffs argue Local 11 has set forth no internal union procedure that plaintiffs failed to exhaust. Further, plaintiffs argue the exhaustion issue raises factual issues not properly disposed of in a motion to dismiss.

Because this is a motion to dismiss, the court is focused on whether plaintiffs have made the requisite allegations of exhaustion or circumstances to excuse exhaustion, not whether these events actually occurred. See Boggess v. Heritage Cadillac, 1985 WL 5188, at *9 (N.D. Ill. Dec. 30, 1985) (discussing the plaintiff's allegations of futility on a motion to dismiss and not the actual futility of pursuing union remedies). Plaintiffs have failed to allege that they made any attempts to address their grievances through the union. The only allegation that could be considered such an attempt is plaintiffs' allegation they sent letters to Local 11 via certified mail in their efforts to obtain the requested documents.[3]) The exhaustion doctrine, however, contemplates the use of formal remedial procedures. Stevens v. N.W. Indiana Dist. Council, United Bhd. of Carpenters, 20 F.3d 720, 732 (7th Cir. 1994). There are no allegations regarding efforts to obtain interpreters through union procedures. In sum, these allegations are insufficient to satisfy the exhaustion requirement. See Brown v. Local 107 of the Int'l Bhd. of Elec. Workers, 996 F. Supp. 781, 789 (N.D. Ill. 1998) (dismissing claim where plaintiff failed allege in complaint that he filed a grievance with the union);

---

[3]Although plaintiffs claim they did not receive the requested copies of Local 11's constitution or by-laws, Local 11 informed the court that both documents are available free of charge from the U.S. Department of Labor. Further, Local 11's failure to provide plaintiffs with these materials does not excuse plaintiffs from exhausting their intra-union remedies. Lewis, 750 F.2d at 1381.

5

Vogel v. Cummins Engine Co., Inc., 971 F. Supp. 374, 383 (S.D. Ind. 1997) (dismissing claim where complaint contained no factual allegations in complaint indicating that the plaintiffs initiated the grievance process or that such attempts would have been futile).

Further, plaintiffs have provided no allegations to support a claim of hostility or futility sufficient for the court to waive the exhaustion requirement. Compare Cf. Stevens, 20 F.3d at 733 n.30 ("[m]ere allegations of union hostility may suffice to forestall dismissal at the pleading stage of a suit."); Boggess, 1985 WL 5188, at *9 (inferring futility where plaintiffs' allegations indicated a history of receiving little assistance from the union). Finally, plaintiffs' claims deal with internal union procedure and favor "'the policy of forestalling judicial interference with internal union affairs.'" Stevens, 20 F.3d at 732 (quoting Clayton, 451 U.S. at 686). Plaintiffs must allege either that they attempted to exhaust intra-union procedures, or facts sufficient for the court to conclude that any such attempt would be futile. They have failed to do so.[4]

For the foregoing reasons, the court grants defendant's motion to dismiss Counts I and II for failure to exhaust intra-union remedies.

---

[4] The instant case is thus distinguished from Howard v. Local 152, 999 F. Supp. 1213 (N.D. Ill. 1998), relied on by plaintiffs, because in Howard the court found that the complaint alleged sufficient facts from which it could find union hostility that could prevent the plaintiffs from receiving a fair hearing. Id. at 1216. The instant complaint (which plaintiffs have not sought to amend) contains no such allegations.

## III. CONCLUSION

For the foregoing reasons, the court dismisses the complaint, without prejudice, for failure to exhaust intra-union remedies.

**ENTER:** **September 8, 2003**

Robert W. Gettleman
United States District Judge